**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
Tampa Division

VICTOR GAINES,

    Plaintiff

                                   Case No. 8:26-CV-00577-WFJ-LSG

v.

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
AND EQUIFAX INFORMATION
SERVICES LLC, ET AL.

    Defendants.

_____/

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 06/08/2026. Eyal Eisig, on behalf of Plaintiff Victor Gaines and Charlotte Long on behalf of Defendant Trans Union, LLC, Paige Vacante on behalf of Equifax Information Services LLC, and Caitlin Colangelo (*pro hac vice* forthcoming) on behalf of Experian Information Solutions, Inc. attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 06/30/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 07/06/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>Plaintiff | 10/16/2026 |
| Defendant | 11/16/2026 |
| Rebuttal | 12/16/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 02/08/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 01/18/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Ret. Judge Gregory P. Holder; 5401 West Kennedy Blvd. Suite 170, Tampa, FL 33609, (813) 820-1114. | 04/16/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 08/09/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 08/09/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | August 23, 2027 |
| Month and year of the trial term. | September 6, 2027 |

2

The trial will last approximately 3 days and be

☒ jury.

☐ non-jury.

## 3.  Description of the Action

Plaintiff Victor Gaines alleges that Defendants Trans Union, LLC ("Trans Union"), Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") violated the Fair Credit Reporting Act, 15 U.S.C. §1681, by continuing to report DOE student loan tradelines as open, delinquent, or otherwise active although they were discharged. Mr. Gaines properly disputed with the Defendants. Plaintiff specifically alleges:

Trans Union, Experian and Equifax violated 15 U.S.C. §1681i by failing to correct, update or delete fraudulent and inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

Trans Union, Experian and Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

After Plaintiff's disputes, Trans Union, Experian and Equifax were placed on notice that they were reporting fraudulent information about Plaintiff, yet they continued to include the fraudulent information in Plaintiff's consumer file. As a result of Defendant's actions, Mr. Gaines suffered actual damages in the form of harm to his reputation and credit worthiness, lost time disputing, and suffered mental and emotional distress.

Experian's Statement:
Experian is still in the process of gathering records relating to Plaintiff's claims. As such, Experian is unable to provide the court with a fulsome factual background of Plaintiff's case. What follows is based solely on information known to Experian at this time, and which Experian will supplement as appropriate. Without waiving any of the defenses available to it, and noting that it does not have access to or knowledge of any parties documents other than its own, upon information and belief, Experian states that it: (1) maintained and followed reasonable procedures to avoid violations of the FCRA as it pertains to the reporting of Plaintiff's credit information; (2) accurately reported credit information pertaining to Plaintiff; (3) complied with the FCRA insofar as it properly investigated/reinvestigated Plaintiff's disputes, updated information as

3

appropriate, and timely reported the results of those investigations/reinvestigations to Plaintiff and/or Experian did not receive a dispute directly from the Plaintiff; (4) reasonably relied upon the creditor, a reliable source, in reporting Plaintiff's credit information; and (5) has not acted with malice, neglect, willful or reckless intent as it pertains to Plaintiff. Experian further states that any harm suffered by plaintiff was not caused by Experian.

EQUIFAX'S STATEMENT:

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

Trans Union's Statement:

Defendant Trans Union states that is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

## 4. Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

326451620V.1

## 6. Consent to a Magistrate Judge

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.   The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒   Yes.
   ☐   No; instead, the parties agree to these changes: enter changes.

B.   Discovery may be needed on these subjects:

Plaintiff will seek discovery regarding his claims for violations of the FCRA, credit files, credit reports, requests for credit or personal information related to Plaintiff, information furnished related to Plaintiff, communications related to Plaintiff, actions taken in response to Plaintiff's disputes, Defendants' policies, procedures, and manuals regarding compliance with the FCRA, previous lawsuits and government actions against Defendants, Defendants' net worth and profits, and Plaintiff's damages. This list is non-exhaustive, and Plaintiff reserves the right to discovery of any relevant information not herein mentioned.

Experian's Statement:
Based on what is presently known, Experian anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, including the student loan tradelines referenced in Plaintiff's Complaint; Plaintiff's disputes of the student loan tradelines; communications between Plaintiff and his creditors; inquiries on Plaintiff's credit reports; the facts and circumstances surrounding Plaintiff's alleged damages; causation relating to Plaintiff's alleged damages; the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history, and usage; the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by pleadings or discovery. Experian also anticipates taking the deposition of Plaintiff and any expert designated by the Parties.

EQUIFAX'S STATEMENT:

Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the

6

FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether  any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

Trans Union:

Trans Union asserts that the principal issues of the case are:
1.      Whether Plaintiff was the cause of any alleged misreporting by Trans Union.
2.      Whether Plaintiff can demonstrate, as required, that Trans Union reported inaccurate information about Plaintiff.
3.      Whether Trans Union maintained reasonable procedures to ensure accurate reporting.
4.      The nature and basis of Plaintiff's alleged disputes to Trans Union and Trans Union's handling of same.
5.      Whether Plaintiff can demonstrate, as required, that he suffered any damages and that such damages were causally related to any violation of the FCRA.
6.      Whether Trans Union maintained and followed reasonable procedures designed to ensure maximum possible accuracy in accordance with 15 U.S.C. § 1681e(b).
7.      Whether the aforementioned factual issues establish the basis for any claims against Trans Union pursuant to Sections 1681e(b) and 1681i of the FCRA

C.   Discovery should be conducted in phases:

☒  No.
☐  Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒  No.
☐  Yes; describe the issue(s).

E.  ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes; describe the stipulation.

## 10. Request for Special Handling

☒  The parties do not request special handling.

☐  The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

**SHARMIN & SHARMIN, P.A.**
830 North Federal Highway
Lake Worth, FL 33460
Telephone: (561) 655-3925
Fax: 844-921-1022

/s/ Eyal S. Eisig
Eyal S. Eisig, Esq.
FBN: 109438
Email: eyal@sharminlaw.com
*Attorney for Plaintiff*

**TRANS UNION, LLC**
50 North Laura Street, Suite 3900
Jacksonville, FL, 32202
Telephone: (904)353-2000

/s/ Charlotte Long
Charlotte Long, Esq.
FBN: 0112517
Email:
Charlotte.Long@transunion.com
*Attorney for Defendant Trans Union, LLC*

8

326451620V.1

**SEYFARTH SHAW LLP**
333 W. Wacker Dr., Suite 2600
Chicago, IL, 60606
Telephone: (312) 460-5121

*/s/ Paige Vacante*
Paige Vacante, Esq.
Bar No. 1019135
Email: pvacante@seyfarth.com
*Attorney for Defendant Equifax Information Services LLC*

**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Telephone: (305) 714-9663

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell, Esq.
FBN: 108109
Email: gschnell@goodwinlaw.com
*Attorney for Defendant Experian Information Solutions, Inc.*

9